*KO* GDB/BJR: USAO 2019R00181

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

2019 OCT 10 P 3:19

CLERK'S

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | |
| **v.** | * | **CRIMINAL NO.** PX 19cr484 |
| | * | |
| **WILLIAM GUNN,** | * | **(Bank Fraud Conspiracy, 18 U.S.C.** |
| | * | **§ 1349; Aggravated Identity Theft,** |
| **Defendant** | * | **18 U.S.C. § 1028A(a)(1); Forfeiture,** |
| | * | **18 U.S.C. § 982(a)(2)(A), 21 U.S.C.** |
| | * | **§ 853(p), 28 U.S.C. § 2461(c))** |
| | * | |

*******

## INFORMATION

### COUNT ONE
### (Bank Fraud Conspiracy)

The United States Attorney for the District of Maryland charges that:

### Introduction

At times relevant to this Information:

1.      **WILLIAM GUNN** ("**GUNN**") was a resident of Maryland.

2.      **Montee Gibson** ("**Gibson**") worked as a bank teller at SunTrust Bank

("SunTrust").

3.      SunTrust was a financial institution within the meaning of 18 U.S.C. § 20 in that

its deposits were insured by the Federal Deposit Insurance Corporation.

*1st AUSA
10/10/19*

**The Conspiracy**

4.      Between at least in or about September 2018 and in or about February 2019, in the District of Maryland and elsewhere, the defendant,

**WILLIAM GUNN,**

knowingly and willfully combined, conspired, confederated, and agreed with **Gibson**, **Co-conspirator B**, **Co-conspirator C**, and other persons known and unknown to the United States to execute a scheme and artifice to defraud SunTrust, and to obtain and attempt to obtain money, funds, credits, assets, and securities owned by and under the custody and control of SunTrust by means of materially false and fraudulent pretenses, representations, and promises (the "scheme to defraud"), in violation of 18 U.S.C. § 1344.

**Manner and Means of the Conspiracy**

It was part of the conspiracy and the scheme to defraud that:

5.      During the course of **Gibson**'s employment with SunTrust, **Gibson** accessed confidential account information on a secure computer at SunTrust and obtained means of identification and account information belonging to account holders at SunTrust ("the victim account holders").

6.      **Gibson** disclosed the victim account holders' means of identification and account information, directly or indirectly, to **GUNN** and others.

7.      **GUNN**—with the assistance of **Co-conspirator C**—produced fraudulent identification documents displaying the personally identifiable information of the victim account holders.

2

8.      **GUNN**, **Co-conspirator B**, and others used the false identification documents to impersonate the victim account holders and make large withdrawals from SunTrust accounts that belonged to the victim account holders.

### Overt Acts

9.      In furtherance of the conspiracy and to effect the objects thereof, the defendant and others committed and caused to be committed the following overt acts, among others, in the District of Maryland and elsewhere:

a.      On December 26, 2018, at a SunTrust branch in Bethesda, Maryland, **GUNN** used the identity of Company 2's owner, Victim 2, to make two withdrawals in the form of cash and two cashier's checks in the amounts of $28,700 and $32,300 from a SunTrust account ending in 9881 ("SunTrust 9881"), which belonged to Company 2.

b.      On or about December 28, 2018, at a SunTrust branch in Rockville, Maryland, **GUNN** used the identity of Company 1's owner, Victim 1, to withdraw $6,000 in United States currency and to obtain two cashier's checks in the amounts of $36,000 and $28,600 that were drawn on a SunTrust account ending in 2379 ("SunTrust 2379"), which belonged to Company 1.

c.      On or about December 31, 2018, at a SunTrust branch in Gambrills, Maryland, **GUNN** used Victim 1's identity to withdraw $6,684 and to obtain two cashier's checks in the amounts of $38,600 and $15,700 that were drawn on SunTrust 2379.

d.      On or about January 24, 2019, **Gibson** accessed Company 3's operating account information on a secure internal SunTrust computer system, took a photograph of the computer terminal that displayed Company 3's account information, and transmitted the photograph to one or more co-conspirators.

     e.     On or about February 1, 2019, at a SunTrust branch in La Plata, Maryland, **Co-conspirator B** used the identity of Company 3's owner, Victim 3, to obtain a cashier's check in the amount of $32,700 that was drawn on a SunTrust account ending in 5014, which belonged to Company 3.

     f.     On or about February 9, 2019, at a SunTrust branch in Gaithersburg, Maryland, **Co-conspirator B** used Victim 2's identity to withdraw $65,916 from a SunTrust account ending in 3329, which belonged to Company 2.

     g.     On or about February 14, 2019, at a SunTrust branch in Owings Mills, Maryland, **GUNN** used Victim 3's identity in an attempt to withdraw $3,720 in United States currency and to obtain two cashier's checks in the amounts of $28,000 and $25,280 from a SunTrust account ending in 2950, which belonged to Company 3.

18 U.S.C. § 1349

## COUNT TWO
### (Aggravated Identity Theft)

The United States Attorney for the District of Maryland further charges that:

1.       Paragraphs 1 through 3 and 5 through 9 of Count One of this Information are incorporated here.

2.       On or about December 28, 2018, in the District of Maryland and elsewhere, the defendant,

### WILLIAM GUNN,

during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c) – that is, Bank Fraud Conspiracy, in violation of 18 U.S.C. § 1349 as charged in Count One of this Information and incorporated here – knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, that is, Victim 1's name and bank account number.


18 U.S.C. § 1028A(a)(1)

### FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further finds that:

1.      Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 982(a)(2)(A) and 21 U.S.C. § 853(p), in the event of the defendant's conviction on Count One of this Information.

### Fraud Forfeiture

2.      Upon conviction of the offense set forth in Count One, pursuant to 18 U.S.C. § 982(a)(2)(A), the defendant,

### WILLIAM GUNN,

shall forfeit to the United States any and all property, real or personal, which constitutes or is derived from proceeds traceable to such offense. The property to be forfeited includes, but is not limited to, a money judgment for at least $197,600 in United States currency.

### Substitute Assets

3.      If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

   a.      cannot be located upon the exercise of due diligence;

   b.      has been transferred or sold to, or deposited with, a third person;

   c.      has been placed beyond the jurisdiction of the Court;

   d.      has been substantially diminished in value; or,

   e.      has been commingled with other property which cannot be subdivided without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p), shall be entitled to forfeiture of substitute

property up to the value of the forfeitable property described above.


18 U.S.C. § 982(a)(2)(A)
21 U.S.C. § 853(p)


Date:  _10/10/19_                          _Robert K. Hur/GDS_

                                           Robert K. Hur
                                           United States Attorney